My client, a little bit of a brief background, Your Honor, was found inadmissible by both the immigration judge and the Board of Immigration Appeals for conviction under Oregon revised statute section 475 922 for delivery of a controlled substance, Your Honor. My client contends there's two issues in my client's case. First is that he believes there is relief available for him for cancellation under removal in that he believes he meets the three criteria in that first he has been lawfully admitted as a permanent resident for not less than five years, two, that he's resided in the United States continuously for seven years after having been admitted in any status, and three, he has not been convicted of an aggravated felony. The second issue in this case, Your Honor, is that at his immigration court hearing he had contracted with one attorney in Seattle to represent him, but at the hearing another attorney showed up. As a result, he believes his case suffered and his previous counsel made representations to the court without consulting him and without his consent. The main issue here was that his counsel at the court hearings, previous immigration court hearing, Your Honor, had conceded that he wasn't inadmissible having been convicted of an aggravated felony, but he disputes this. Citing numerous cases, the main problem with his inadmissibility argument is that the statute itself should have been broken apart under Taylor v. U.S. and using a categorical approach to look at the statute, he believes that he wasn't convicted of an aggravated felony. Under that particular case, Your Honor, he believes that if you look at carefully at the Oregon revised statute, section 475.922, there's an Oregon case, State v. Tellus, which found that one could be found in possession of it in aiding or abetting someone who had in drug delivery, but not the actual delivery itself. And because of the ambiguity, he believes that he should have been found convicted or found inadmissible because of an aggravated felony. We cite other cases, Your Honor, where the aiding and abetting is the same as solicitation, and solicitation to commit a drug offense, he believes is not the same as delivery of an offense, Your Honor. And so for that reason, he believes that he was not convicted of an aggravated felony and that he should be found eligible to apply for cancellation of removal. Has he made any effort to get that conviction vacated? Not to my knowledge, no, he has not, Your Honor. He has not. I have briefed the case sent to me by the State. Do you have any specific cases which say that aiding and abetting could be for solicitation? Yes, I have one here. He cites Martinez-Perez v. Gonzalez, 417 F3rd 1022nd, 2005, one whose state crime involves the liability of aiding and abetting is the same as solicitation, cannot be found guilty of an aggravated felony. That's the one case I found, Your Honor. And I briefed the... Do you know, counsel, what did he plead to? I believe he pled to delivery of a controlled substance under Oregon Statute 475 922 1B. So he pled to delivery. He pled to that and his problem is with the statute itself, which has been interpreted in the Oregon v. Tellus case as including aiding and abetting. And he also makes the argument, Your Honor, that the court should not look beyond the statute itself in determining the case. In other words, that they should look to the facts of his conviction just to the statute itself, Your Honor. Well, there are cases that allow you to look at exactly what they pled to. Yes. Yes, I... He apparently pled to something which would be an aggravated felony under federal law. That's correct, Your Honor. But because of the ambiguity of the statute, he believes that because of the Tellus case, it could also be construed as solicitation because aiding and abetting. He believes this is the same as solicitation and solicitation is not a deportable offense. That may be true, but if he pled to more than that, I think he has a problem. Yes, I understand, Your Honor. On the ineffective assistance of counsel claim to reiterate, he believes he wasn't consulted by the new attorney and and was taken aback when his new attorney, other than the one he'd hired, conceded that he was removable. And he disputes that. The new case, the Compion-Bagley case, finally provided by counsel, which states that there's no Fifth Amendment constitutional right to assistance of counsel in immigration cases. However, the Attorney General can make a case-by-case determination of whether an attorney's conduct falls below the standards necessary.  May I please the court? Kylie Keene on behalf of the government. Counsel, do you want to pull the mic down just a little bit? Yeah, is that better? As you just heard, this is a case involving an aggravated felon and I think it really is going to boil down to whether or not this court finds that he is removable as an aggravated felon. If he is, his application or potential application, he hasn't actually filed one yet, for cancellation of removal would be statutorily barred. There's a provision that says that the alien must prove that he has not been convicted of an aggravated felony. But if he's removable, as we see here, as an aggravated felon, then he wouldn't be statutorily eligible for that relief anyway. So I do believe that this case is really going to come down to whether or not you find that this Oregon State statute falls underneath the generic definition in the Controlled Substances Act. And I'd like to first turn your attention to the first step in the common tailor approach and argue that this is a categorical match. The Oregon State statute that he was charged with states that it's unlawful for any person to manufacture or deliver a controlled substance and that any person who violates the subsection with respect to a under the Oregon law. Well, under the Controlled Substances Act, it is also unlawful for any person to knowingly or intentionally manufacture or distribute a controlled substance and the federal laws define distribution as delivery. Therefore, the government contends that this is a categorical match and that the first step of the tailor analysis ends the inquiry there. Furthermore, if there is a question as to whether or not the aiding and abetting, which would equate to solicitation, would take this out of the categorical method, then we would turn to the modified categorical method. And I think that's really where we're going to see that he pled guilty to knowingly and or intentionally manufacturing a controlled substance and the conviction documents bear this out. You can see that the charge of the police says, I'm on page 259 of the administrative record, this is the charging document here, excuse me, it's the judgment. It says that the defendant entered a plea of guilty to the following charge, delivery of a controlled substance. And when you look at the indictment to see that charge, delivery of a controlled substance, it says that he unlawfully, knowingly, and or intentionally delivered a Schedule II controlled substance in violation of the laws. And that is a match to the federal definition. Taking either of the two mens rea elements, that is knowing and or intentionally, it falls completely within the generic definition found in the Controlled Substances Act. Therefore, the government contends that if this court can't find it's a categorical match, it can certainly find that it falls under the modified categorical match of the Taylor cases and its progeny. My understanding is that the Oregon schedule can be amended and their Schedule II might not wind up with the kind of categorical. I was not aware of that, Your Honor. If that is the case, I might, I would agree that's going to take it out of categorical because the statute doesn't list the specific drug. It just lists reference to the schedule, as you mentioned. However, we don't have a problem with that under the modified categorical approach because the indictment does mention the specific drug. In this case, it was methamphetamine, and that is on a Schedule II of the federal schedule of drugs. That's in the judgment that we have. That's correct. That's correct. It's in the judgment as well as the grand jury indictment. Also, Your Honors, I think that just to address his ineffective assistance of counsel claim, the heart of the claim is that his former counsel, Ms. Rodriguez, that showed up at his immigration judge trial hearing rather essentially conceded that he was removable as an aggravated felon, which is common in immigration cases, although if that's his only form of relief, which would be cancellation of removal, then he's alleging that it was an error. However, here, if he is actually an aggravated felon and is removable on that ground, he wouldn't be able to sustain a claim of prejudice to make out a colorable due process claim. So in that regard, because he wouldn't be eligible for any relief, that is cancellation, and because he couldn't show prejudice under a Fifth Amendment due process claim, that's why the government's contending that the only real issue in this case is whether or not that Oregon statute meets either the categorical or modified categorical approach. If we agree with you on the first ground, we would not have jurisdiction, is that correct? Over the IAC claim, Your Honor? That's my question. Actually, I would contend that you would have jurisdiction under the Real ID Act, because that's a question of law. The court could assert jurisdiction over the ineffective assistance claim, and the government would just contend that the findings should be no prejudice. Okay. This individual, I think, has been in the United States for 30-some years. Is there any avenue for relief left for him? Your Honor, I actually think he's been here for 50, 55 or so years, which is a long time to be a green card holder. I actually looked into, if I could find anything in the record, to show why he didn't naturalize in those 55 years. I don't know. I don't know. Maybe there's other convictions. I'm not sure. But in those 55 years, he didn't choose to become a citizen. And unfortunately, staying in that LPR status, when you convict an aggravated felony, is going to render him removable. I don't see any other avenue. He'd be ineligible for asylum, just posturing if he had a claim. He'd also be ineligible for withholding, for cancellation and removal. He's already in LPR, so he wouldn't adjust his status. So I don't really see another avenue for him. It seems that when we've had an individual in this country for that long, they should become our problem if they're criminals, rather than sending them back to another country. But I guess that's for another day. I do understand your point, Your Honor. Does the Attorney General have any discretion to grant relief in this case? I don't believe so, Your Honor. I mean, there might be a catch-all discretionary provision. I hate to say that. I'm actually not sure. How would that be triggered? What would he have to do to invoke it? I'm not sure that he's going to get out of the aggravated felony provision, Your Honor. It renders, not only triggers removability, but also strips him of jurisdiction in this court, which is kind of the ultimate conclusion. If you find he's an aggravated felon, then the court lacks jurisdiction over the case. So I'm not sure. I wasn't suggesting that he would apply to us. How would he seek relief, discretionary relief, from the Attorney General or DHS? I guess what I'm saying, Your Honor, is if this court declines jurisdiction over the petition because he's an aggravated felon, then the mandate will issue and he'll be removable. He'll be barred from seeking any relief. From anybody. Right. Right. Okay. Thank you. Thank you, Your Honor. Mr. Moore, anything else? I'm afraid I can't do two. It's one of those cases, Your Honor, where a gentleman's been here for so long and he did make a mistake, and this is basically his last chance. So I appreciate the Court's time in considering the arguments. Thank you. Thank you, Mr. Moore. The matter just argued will be submitted, and the Court will turn next to the Human Rights Committee.
judges: Fletcher, Rymer, Fisher